IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODOLFO MOTA | § § | |
| V | § § | C.A. _____ |
| NATIONAL UNION FIRE INSURANCE COMPANY | § § § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, **RODOLFO MOTA**, hereinafter referred to by name or as Plaintiff, and complains of **NATIONAL UNION FIRE INSURANCE COMPANY** hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

**I.**

**PARTIES**

**2.1** Plaintiff **RODOLFO MOTA** is an individual residing in Nueces County, Texas.

**2.2** Defendant **NATIONAL UNION FIRE INSURANCE COMPANY** ("NUFIC") is a property and casualty insurer, licensed to underwrite insurance policies in Texas. Service of process may be obtained on Defendant by serving their Texas Attorney for Service:

>    Corporation Service Company
>    211 E. 7TH St., Suite 620
>    Austin, TX  78701-3218

## II.

### JURISDICTION AND VENUE

**3.1**   The United States District Courts of the Southern District of Texas, Corpus Christi Division, have jurisdiction of this civil action under 28 U.S.C. §1332(a) the amount in controversy with respect to Plaintiff's claims exceeds seventy-five thousand dollars, excluding interest and costs, and under 28 U.S.C. §1332(a)(1) because Plaintiff is a citizen of the state of Texas and Defendant is a citizen of Pittsburgh, Pennsylvania.

**3.2**   Venue is proper in the Southern District of Texas, Corpus Christi Division, under 28 U.S.C. §1391(b)(2) because all or a substantial part of the events or omissions giving rise to this civil action occurred in the Southern District of Texas.

## III.

### FACTS

**4.1**   On or about February 2, 2015, Plaintiff **RODOLFO (RUDY) MOTA** was traveling southbound on US Hwy 83, near the intersection of FM 133, when **LUIS BARRALES AVALOS**, who was operating a commercial 18-wheeler while in the course and scope of his employment with Defendant **SOUTH BAY TRANSPORTATION, INC.** suddenly, violently, and without warning struck the rear of **MOTA'S** vehicle at a high rate of speed, causing Plaintiff to sustain injury to his head, neck, back, knees, and body, and be transported to the hospital via EMS, as more fully set forth below.

**4.2**   **NATIONAL UNION FIRE INSURANCE COMPANY** is the under-insured motorist (UIM) carrier of **MOTA'S** employer, Draco Oilfield Services, LLC, whose principal

place of business at the time of this incident was located in Alice, Jim Wells County, Texas.

## IV.

### CAUSES OF ACTION

**A.   BREACH OF CONTRACT**

**5.1**   **NATIONAL UNION FIRE INSURANCE COMPANY** breached the insurance contract with Draco Oilfield Services, LLC, by failing to provide coverage to an intended, covered beneficiary, resulting in damages to the Plaintiff.

**B.   UNFAIR INSURANCE PRACTICES**

**5.2**   Defendant **NATIONAL UNION FIRE INSURANCE COMPANY** is guilty of unfair insurance practices in violation of ARTICLE 21.21, § 16 and CHAPTER 541 of the TEXAS INSURANCE CODE, and the statutes, rules, and regulations incorporated by the provision.  These unfair practices are producing causes of Plaintiff's actual damages.

**C.   BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

**5.3**   Defendant **NATIONAL UNION FIRE INSURANCE COMPANY** has breached its duty of good faith and fair dealing by denying Plaintiff's underinsured motorist claim without any reasonable basis and by failing to conduct a reasonable investigation of Plaintiff's claims and failing to effectuate prompt resolution of Plaintiff's claim. Defendant **NATIONAL UNION FIRE INSURANCE COMPANY'S** breach is a producing and proximate cause of Plaintiff's actual damages.

**D.   VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**

**5.4**   Defendant **NATIONAL UNION FIRE INSURANCE COMPANY** is liable because

their actions constitute violations of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA"). Specifically, Defendants violated the DTPA in one or more of the following aspects:

    a.    Representing that the goods or services have characteristics or benefits that they do not have, in violation of TEX. BUS. & COMM. CODE § 17.56(b)(5);

    b.    Representing that the goods or services are of a particular standard, quality or grade, or that the goods are of a particular style or model, when they are not, in violation of TEX. BUS. & COMM. CODE §17.46(b)(7);

    c.    Representing that an agreement confers rights or involves rights, remedies, or obligations that it does not, or that are prohibited by law, in violation of TEX. BUS. & COMM. CODE § 17.46(b)(12);

    d.    Failing to disclose information about the goods or services that was known at the time of the transaction when the failure to disclose was intended to induce Plaintiff to enter into a transaction that Plaintiff would not have entered into if the information had been disclosed, in violation of TEX. BUS. & COMM. CODE § 17.46(b)(23); and

    e.    Acting in an unconscionable manner in that Defendant's denial of Plaintiff's claim took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree, in violation of TEX. BUS. & COMM. CODE § 17.50 (a)(3).

**E.**    **FRAUD**

**5.5**    Defendant, **NATIONAL UNION FIRE INSURANCE COMPANY**, committed fraud against Plaintiff in that they made false misrepresentations regarding the coverage which Draco Oilfield Services, LLC, was paying premiums for. In this regard, Plaintiff did not receive coverage for which premiums were paid.

**F.**    **STATUTORY DAMAGES AND PENALTIES**

**5.6**    **NATIONAL UNION FIRE INSURANCE COMPANY** acted with conscious indifference to the rights of the Plaintiff in breaching the duty of good faith and fair

dealing; therefore, **NATIONAL UNION FIRE INSURANCE COMPANY** is liable for exemplary damages.

**5.7** Defendant **NATIONAL UNION FIRE INSURANCE COMPANY** conduct was committed knowingly. Accordingly, Defendant is liable for additional damages as authorized by TEXAS. INS. CODE CHAPTER 540 and TEX. BUS. & COMM. CODE § 17.50 (b)(1). Plaintiff is also entitled to an additional two times the first $1,000 in actual damages, as provided by TEX. BUS. & COMM. CODE § 17.50 (b)(1).

**5.8** Additionally, Plaintiff is also entitled to the twelve percent (12%) penalty allowed by TEX. INS. CODE CHAPTER 542 based on Defendant's unfair refusal to pay the claim.

**5.9** Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of the claim. Therefore, Plaintiff is entitled to recover from Defendant, **NATIONAL UNION FIRE INSURANCE COMPANY**, the additional sum of eighteen percent (18%) per year of the amount payable under the policy as penalty, together with a reasonable sum for the necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals of the Supreme Court of Texas. Additionally, Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 (8); TEX. INS. CODE ARTICLE 21.21, § 16; TEX. BUS. AND COMM. CODE § 17.50; and TEX. INS. CODE ARTICLE 3.62-1.

## V.

## DAMAGES

**6.1** Defendants' acts have been producing and proximate causes of damages to Plaintiff within the jurisdictional limits of this Court.

**6.2** As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff has suffered severe bodily injuries to his neck, lower back, knee, and other parts of his body generally. His entire body was bruised, battered and contused and he suffered great shock to his entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being.

**6.3** Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not for his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in to the future, if not for the balance of his natural life.

**6.4** As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

**6.5** As a further result of all of the above, Plaintiff **RUDY MOTA** has incurred

expenses for medical care and attention.  These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

**6.6**     As a further result of the injuries sustained by Plaintiff **RUDY MOTA**, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

**6.7**     By reason of all of the above, Plaintiff **RUDY MOTA** has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now files suit.

**6.8**     As a consequence of the injuries sustained by **RUDY MOTA**, he has sustained physical impairment and disfigurement.  In all reasonable probability, this disability will cause him to suffer long into the future, if not for the balance of his natural life, all to the damage in an amount that is within the jurisdictional limits of this Court for which he now sues.

**6.9**     As a further consequence of the injuries sustained by **RUDY MOTA**, he has suffered loss of wages, and due further to his injuries, has experienced a loss of future wage-earning capacity.

## VI.

### INTEREST

**7.1**     Plaintiff further requests both pre judgment and post judgment interest on all

his damages as allowed by law.

## VII.

### REQUEST FOR JURY TRIAL

**8.1**   Plaintiff **RUDY MOTA** demands a trial by jury.   Plaintiff acknowledges payment of the required jury fee.

## VIII.

### CONDITIONS PRECEDENT

**9.1**   Plaintiff states that all conditions precedent to suit have been performed or have occurred, and that every notice required by law to be given has been properly and timely provided.

## IX.

### PRESERVATION OF EVIDENCE/SPOLIATION NOTICE

**10.1**   Plaintiff hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including contracts, lists of donors, emails, minutes of meetings, memoranda, correspondence, financial records, diagrams, maps, photographs, videotapes, audiotapes, recordings, invoices, checks, files, facsimiles, voicemails, text messages, calendar entries, log books, or information related to the reference claim.  Failure to maintain such items shall constitute a "spoliation" of the evidence.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment

against Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering, that in all likelihood, will be experienced in the future;
3. Mental anguish in the past;
4. Mental anguish, that in all likelihood, will be experienced in the future;
5. Past medical expenses;
6. Future medical expenses, that in all likelihood, will be incurred in the future;
7. Physical impairment in the past;
8. Physical impairment, that in all likelihood, will be experienced in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement, that in all likelihood, will be experienced in the future;
11. Loss of past wages;
12. Loss of future wages, that in all likelihood, will be incurred in the future;
13. Loss of future wage-earning capacity;
14. Pre judgment interest;
15. Post judgment interest; and
16. Exemplary damages.

RESPECTFULLY SUBMITTED,

*/s/ JASON F. DESOUZA*
JASON F. DESOUZA
State Bar No: 24073255
DESOUZA LAW, PC
3201 CHERRY RIDGE, BLDG.
SUITE B-208
SAN ANTONIO, TX  78230
210/714-4215 – PHONE
210/496-0060 – FACSIMILE
JASON@JFDLAWFIRM.COM


ANDREW E. LEMANSKI & ASSOCIATES

   /s/ Andrew E. Lemanski
Andrew E. Lemanski
State Bar No: 24046288
Southern District Bar No: 570590
9600 Long Point Rd., Suite 150
Houston, Texas 77055
Tele: (713) 515-2826
Fax: (713) 583-9401
andylemanski@yahoo.com

ATTORNEYS FOR PLAINTIFF